**WEBER et al. v. UNITED STATES.**

No. 9458.

Circuit Court of Appeals, Ninth Circuit.

May 19, 1941.

Gallagher, Wirin & Johnson and A. L. Wirin, all of Los Angeles, Cal., for appellants.

Wm. Fleet Palmer, U. S. Atty., and Maurice Norcop, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Allen W. Ashburn and Whitney R. Harris, both of Los Angeles, Cal., amici curiae.

Before DENMAN and MATHEWS, Circuit Judges, and McCORMICK, District Judge.

DENMAN, Circuit Judge.

This is a consolidated appeal from judgments denying the petitions for naturalization of six several applicants. A motion for diminution of the record was made and the proffered additions are ordered. The present record [1] shows concerning each petitioner that:

"Upon the record submitted to it, the Court found that each applicant had an extended history of charitable aid during the five years prior to the applicant's naturalization hearing. *Also* that the applicant did not meet the requirements of 8 U.S.C.A. § 382, and has not been attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the United States for the past five years." (Emphasis supplied).

The finding of the second sentence that "Also" each applicant "has not been attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the United States for the past five years" is supported by the record upon which the appellants, petitioners below, rely for their appeal, as to all of them, save, possibly, Elizabeth Rowan Aird, whose appeal is later considered. The record does not disclose that any of these five applicants before either the court or the naturalization examiner gave any testimony concerning such attachment or disposition whether as to the condition of his mind (Cf. Allan v. United States, 9 Cir., 115 F.2d 804, decided November 15, 1940) or of facts showing a life in an American community which disclosed the possession of such attachment and disposition.

MATHEWS, Circuit Judge, dissenting in part.

[1] The appeal was presented on an agreed statement of the facts (Federal Rules Civil Procedure 76 [28 U.S.C.A. following section 723c]) "adduced before the court in each case." There had been a hearing before an Examiner of each applicant and his two witnesses, but the record does not show their testimony. The Examiner made no findings and recommended that "the petitions be considered by and the merits determined by the district court."

■ From the record before us the district court properly could infer that these five aged and indigent persons, without the statutory requirement of attachment and disposition, sought admission to citizenship solely because of the pecuniary benefits which would accrue to them when they could become citizens of the United States, from substantial monthly pensions given by the State of California to such indigent citizens.

■ Obviously mere age and indigency, however appealing, in the absence of proof of the Congressional requirement of such attachment and well disposing, is not a ground for citizenship. It is also obvious that aged indigency of an alien is no bar to admission to citizenship of one who for the required years has been a member of an American community and has maintained his burden of proof that he is attached to the principles of the Constitution and is well disposed to the good order and happiness of the United States. A vivid anticipation of a substantial immediate monthly cash payment is not necessarily a disqualification, nor does the evidence concerning some of the petitioners of a residence in the United States for several decades and a delay to press a petition for citizenship until there beckoned the prospect of the pension necessarily create such a disqualification. However, such facts must be considered by the district court along with the other evidence or absence of evidence concerning the issues of attachment and disposition.

The determination of the right to admission to citizenship is one of the most solemn and important functions of the United States District Court. Upon the record here, the court below would have been recreant in the performance of its duty to the nation to have granted the petitions of these five persons.

■ On the hearing of the appeals the United States District Attorney for the Southern District of California, under instructions from the Attorney General, made what he called a confession of error. Upon the request of this court to the United States Attorney that he point out what error of the court below was shown by the record, he stated that he knew of none. Upon a further request that the District Attorney procure from the Solicitor General, "A particular statement of the Solicitor General's reason why he contended the record herein does not support the judgments appealed from and in particular what error of fact or law of prejudicial character is meant in the confession of error he instructed be made," the District Attorney, without pointing out any error in the record, advises us that the position of the Attorney General is that, " * * * the Department of Justice has been unable to find any statutory warrant for the legal position taken by the court below that an alien's acceptance of charity or relief disqualifies that alien for citizenship. No such statutory basis can be spelled out of the requirement of the United States Code, Title 8, Section 382, that the applicant be 'attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the United States'."

As indicated, the record here does not show that any such position was taken by the district court as to any of the five applicants. The Attorney General must have been misadvised as to its contents.

We are much impressed by the fact that there has been no attempt by the United States to make a showing that the record of the occurrences below contains anything other than appears in the transcript submitted to us. Also by the fact that upon inquiry from the court, the United States refused to consent to a reversal. We are constrained to believe that the United States does not desire this court to treat the record before us contrary to the facts, as if these five petitioners has satisfied the district court that they were in every way qualified for admission to citizenship, but that the court was denying them their statutory right solely because of aged indigency.

■ Appellants have moved this court to remand the cases to the district court for the taking of further testimony. The motion was not accompanied by any showing of what further testimony is proposed to be offered.

■ With regard to Elizabeth Rowan Aird there was a special finding that Miss Aird "was a person deserving of citizenship except for the history of indigency." This special finding may be construed as supporting the general finding of the absence of the statutory attachment and disposition, because the history of her indigency shows that it is only the hope of relieving that indigency which moved her to apply for citizenship. However, we feel sufficiently in doubt on this interpretation

to remand her case for further consideration of the district court, in accord with this opinion.

The motion to remand the cases of Louis Weber, David William Roper, Elizabeth Gammon, Johannes Hinrich Detlev Voss and Hugh Reynolds Sutherland is denied, and the judgments denying their citizenship are affirmed. The judgment against Miss Aird is reversed and the district court ordered to retry her case, having in view the matters considered in this opinion.

MATHEWS, Circuit Judge (dissenting in part).

These are consolidated appeals from orders denying appellants' petitions for naturalization. The record consists of an agreed statement[1] from which it appears that, in each of the cases, the court below found that the petitioner "did not meet the requirements of 8 U.S.C.A. § 382,"[2] which provides:

"No alien shall be admitted to citizenship unless (1) immediately preceding the date of his petition the alien has resided continuously within the United States for at least five years and within the county where the petitioner resided at the time of filing his petition for at least six months, (2) he has resided continuously within the United States from the date of his petition up to the time of his admission to citizenship, and (3) during all the periods referred to in this section he has behaved as a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States. At the hearing of the petition, residence in the county where the petitioner resides at the time of filing his petition, and the other qualifications required by this section during such residence, shall be proved by the oral testimony of at least two credible witnesses, citizens of the United States * * *."

Thus, in order to be admitted to citizenship, it was necessary for each of these appellants, at the hearing of his or her petition, to prove by the oral testimony of at least two credible witnesses, citizens of the United States, that he or she possessed the qualifications required by § 382. The record discloses no such proof. Indeed, so far as the record shows, no witness other than appellants themselves testified orally at any of the hearings.[3] The court, therefore, was compelled to find, as it did, that appellants had not met the requirements of § 382. Accordingly—and properly—it denied their petitions.

The United States Attorney has filed in this court a document entitled "Confession of Error by Appellee," which reads as follows:

"Comes now the United States of America, appellee herein, by its attorneys, Wm. Fleet Palmer, United States Attorney, and Maurice Norcop, Assistant United States Attorney, and advises the court as follows:

"Under date of October 17, 1940, the Attorney General, in writing, instructed the attorneys of the appellee to confess error in this cause. The precise pertinent language contained in the letter of direction from the Attorney General reads as follows:

" 'You are now informed that the Solicitor General has ordered that you be instructed to confess error in this and similar cases which may now be pending, the conclusion having been reached that the position of the court is without statutory warrant and plainly unwise.' "

There was and is no basis for the "conclusion" mentioned. The statute (§ 382, supra) not only warranted, but compelled the action taken by the court below. Any other action would have violated the statute, as would also the reversal here sought, even though consented to by the Attorney General.

Our jurisdiction with respect to these orders is "to review by appeal." Judicial Code, § 128 (a), 28 U.S.C.A. § 225(a). Such jurisdiction includes the power to reverse for error. It does not include the power to reverse where, as here, no error exists; nor can such power be conferred by stipulation or consent. Compare People v. Mooney, 176 Cal. 105, 107, 167 P. 696.

The orders should be affirmed.

---

[1] Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, Rule 76.

[2] Act of June 29, 1906, c. 3592, § 4, subdivision 4, 34 Stat. 598, as amended by the Act of March 2, 1929, c. 536, § 6(b), 45 Stat. 1513.

[3] The hearings referred to were the hearings before the court. An examiner had conducted preliminary hearings pursuant to § 399a(a), title 8, U.S.C.A., but the court, instead of merely approving the examiner's recommendations, conducted hearings of its own pursuant to § 399a(c) and, thereupon, made its own findings and the orders here appealed from.