**In re Fredrik P. NISSEN, Petitioner.**
**No. Tr. 39.**

United States District Court
D. Massachusetts.

Dec. 14, 1955.

Supplemental Opinion March 7, 1956.

484

———◆———

Frederik P. Nissen, pro se, Howard S. Whiteside, Boston, Mass., for petitioner.

Morris Gehrig, Naturalization Examiner, Boston, Mass., pro se.

ALDRICH, District Judge.

This is a petition for naturalization opposed by the government on the ground that petitioner is, as he freely states, unwilling to take up arms. His petition was opposed for this reason by an examiner in a Common Pleas proceeding in Pennsylvania, and the case has been transferred here. A previous petition was denied in New York in 1933, on the same grounds.

Petitioner is a German national. He is 48 years old, and has been living in this country since 1927. In 1936 he commenced training, and in 1939 became ordained, as a minister of the Lutheran Church. His belief that it is wrong for him to bear arms antedated his religious training, and is not due to any teaching that he received. It is his "own belief, rather than the doctrine of the church."

It is unlikely that a 48 year old minister will ever be called upon to bear arms. However, the acts of Congress do not permit this court to consider such individual matters. The present act, Title 8 U.S.C.A. § 1448, 66 Stat. 258, requires a petitioner to take oath "(5) (A) to bear arms on behalf of the United States when required by the law * * * [unless he] shows by clear and convincing evidence to the satisfaction of the naturalization court that he is opposed to any type of service in the Armed Forces of the United States by reason of religious training and belief * * * [which] does not include essentially political, sociological, or philosophical views or a merely personal moral code."

This petition was filed in 1952 and is governed by a former act, 8 U.S.C. § 735, 54 Stat. 1157, as amended, 64 Stat. 987. That statute did not contain the last quoted clause, supra, following the word "[which]." I find no relevant case under that act. A question presented, therefore, is whether the later addition, including the words "personal moral code", changed the prior meaning of the phrase "religious training and belief", or whether it was merely declaratory of what was already implicit on facts such as here appear.

■■ Since "religious training and belief" is an exception, which petitioner, even under the earlier act, had the burden of establishing by "clear and convincing evidence". I feel that Congressional intent was not to exclude from the obligation to bear arms one whose beliefs, however conscientious, were self-imposed, and self-conceived without the operation of affirmative religious training.

■ Naturalization is a privilege, and not a right. Certainly it cannot be held improper for Congress, in extending that privilege, to feel opposed to release from the general obligation to bear arms merely on the basis of personal scruples. The petition must be denied.

### Supplemental Opinion.

Petitioner has filed what is in effect a motion to reopen. It is accompanied by an affidavit setting forth that because of lack of understanding he had failed to testify the full extent to which his belief was the result of "training." He avers that prior to his formal religious training (where, as previously stated, he was not taught, and did not acquire, the belief which he now asserts prevents his taking the complete oath) he was a member of the German Christian Endeavor Society; that "it was in this group that [he] became engaged in serious Bible study, and recognized the redemptive and reclaiming features of the Christian religion. At that time [he] made an intense study of the Bible, especially the life and work, spirit and teaching of Jesus Christ," as a result of which be formed his present beliefs.

It does not appear that the other members of this group shared petitioner's ultimate views, let alone that they, or any teacher there, sought to indoctrinate him. The most that the affidavit shows is that petitioner pursued a course of self-instruction in the Bible in a sympathetic atmosphere. In my opinion this would not constitute training within the meaning of the act.

The statute requires religious "training and belief." Just as training without belief is not enough, neither is belief, however sincere, without training.[1] All beliefs must be acquired in some fashion. If auto-assimilation may be sufficient, and an applicant's treatment under the act is to be determined by the personal process—contemplative, deductive or imaginative—by which he reached his convictions, decisive legal consequences would appear to depend merely on subjective processes of thinking. I cannot feel differentiation was intended between persons whose beliefs came only after an "intense study" of the Bible, and those whose convictions, although equally sincere, were reached more readily. This would be to distinguish simply between the industrious and the more intuitive, the slow and the perceptive. I doubt if this is either appropriate or practicable.

This ruling does not suggest that training is limited to instruction in a school. It may be no more formal than parental teaching. But if the pupil goes beyond the teacher, and deduces what he was never taught, can he be said to have reached that belief through training? In requiring training Congress, in my opinion, intended affirmative and purposeful teaching. Even if in certain circumstances, which I question, this might be entirely self-imposed, I do not think the averments here go far enough.

If I am mistaken as to this, a higher court should instruct me. The motion is denied, not as a matter of discretion, but upon the ground that the facts averred are legally insufficient.[2]

---

1. The similar phrase in the Selective Training and Service Act of 1940, at one point during its progress through the Senate, read "religious training or belief." By the time of enactment the "or" had been changed to "and." 1 Conscientious Objection 80 (Selective Service System Special Monograph 11, 1950). The presumption is that " ' "no * * * word shall be superfluous, void, or insignificant." ' " Consolidated Flower Shipments, Inc., Bay Area, v. Civil Aeronautics Board, 9 Cir., 205 F.2d 449, 450, and cases cited.

2. I do exercise my discretion to the extent that I hold the affidavit is to be construed with reasonable strictness. In moving to reopen a case already heard petitioner cannot expect the court to draw broad inferences in his favor as to matters not alleged.