**In re Fredrik P. NISSEN, Petitioner.**
**Petition No. Tr. 39.**

United States District Court
D. Massachusetts.
Nov. 20, 1956.

**362**

Howard S. Whiteside, Boston, Mass., for petitioner.

Anthony Julian, U. S. Atty., Daniel Needham, Jr., Asst. U. S. Atty., Boston, Mass., for respondent.

ALDRICH, District Judge.

In this case, previously before this court, 138 F.Supp. 483, the petitioner moves for reconsideration. The government joins in the motion. Ordinarily, if both parties agree, that is all there is to it—a court does not normally investigate the merits before entering a consent judgment. However, a petition for naturalization involves action by the court of a more affirmative nature. The administration of the oath of citizenship is delegated to the courts, and I cannot accept instructions from the Department of Justice as to what the Act of Congress means. Weber v. United States, 9 Cir., 119 F.2d 932, affirmed 315 U.S. 787, 62 S.Ct. 911, 86 L.Ed. 1192. I will, however, review my previous decision in the light of certain additional matters brought to my attention by the government concerning the determinative phrase, "religious training and belief," and of a further study on my part.

In my prior opinion I observed that these words were apparently taken from the Selective Service Act.[1] The government now points out that it has been the administrative practice to interpret this phrase for selective service purposes very broadly. For example, General Hershey, Director of Selective Service, in a letter to the Department of Justice dated March 5, 1942, asks what "training" St. Paul received on the road to Damascus, yet who could doubt the sincerity of his conversion. Even General Hershey, however, appears to question that the Selective Service Act was prepared with St. Paul in mind. Nonetheless, what was intended by "training" poses a problem. One might almost ask whether in the case of selective service—I would not contemplate the issue in the case of naturalization—it would be due process to distinguish between persons of equal sincerity and depth of religious conviction simply because one could point to training and the other could not. However, the courts have been slow to see constitutional questions under that Act. Clark v. United States, 9 Cir., 236 F.2d 13, certiorari denied 77 S.Ct. 101. But it appears that they have been equally slow to attach importance to the requirement of training. At the time of my previous opinion I was impressed by the absence of judicial expression of what the word meant. On further study I am impressed by the fact that so far as the decisions go, it seems to have been overlooked altogther. I am reminded of Sherlock Holmes' observation of the significance of the dog's activity in the

1. Now Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq.

nighttime—viz., that it did nothing. The courts' opinions seem to be equally silent, not only as to the meaning of training, but as to its necessity.

Thus in Williams v. United States, 5 Cir., 216 F.2d 350, George v. United States, 9 Cir., 196 F.2d 445, certiorari denied 344 U.S. 843, 73 S.Ct. 58, 97 L. Ed. 656, United States ex rel. Reel v. Badt, 2 Cir., 141 F.2d 845, and United States ex rel. Phillips v. Downer, 2 Cir., 135 F.2d 521, the courts considered nothing but belief. In the George case [196 F.2d 450] the court, under the heading " 'Religious Training and Belief,' " wrote for two pages without mentioning training at all. In the Downer case the court defined the government's contentions as requiring religious training "or" belief. Only in Berman v. United States, 9 Cir., 156 F.2d 377, certiorari denied 329 U.S. 795, 67 S.Ct. 480, 91 L. Ed. 680, have I found emphasis on the conjunction "and." Even this was the merest aside, and the ground of decision was the total absence of registrant's religious belief.

The same use of "or," strangely enough, occurred in the Conference Report on the bill which became the act now under consideration. Although the bill plainly read "religious training and belief" the committee in describing its effect substituted the word "or." H. Rept. No. 3112, 81st Congress.

In the Selective Service Act of 1948, 62 Stat. 604, at 613, Congress stated that the term "religious training and belief" shall mean "an individual's belief in a relation to a Supreme Being involving duties superior to those arising from any human relation, but does not include essentially political, sociological, or philosophical views or a merely personal moral code." Against the background above cited it becomes easy to regard this failure to mention training as intentional minimization rather than an oversight. It is true that this definition was not then inserted in the Naturalization Act, or its successor, the Internal Security Act of 1950. However, this discrepancy was remedied in 1952. 8 U.S.C.A. § 1448, 66 Stat. 258.

Under such cumulative circumstances it seems reasonable to conclude that so far as Congress was thinking of training it regarded it as meaning no more than individual experience supporting belief; a mere background against which sincerity could be tested. I confess this an appealing position, both logically and administratively. If the purpose is to exempt from military service citizens, or would-be citizens, who have certain religious convictions, the manner in which they attained them is entirely unimportant except insofar as it may assist in ascertaining whether they did. As a working rule for countless administrative boards and others it is far easier to understand and apply. Though to a considerable extent this may downgrade the more usual meaning of training, I am content under all the circumstances to regard the language quoted above from the 1948 Selective Service Act, and now in the Internal Security Act, as deliberate qualification by Congress of words, which, by themselves, I could not so interpret.

How loosely "training" may be construed is not necessary for me to determine. The allegations made in the affidavit asking reconsideration, set forth in my earlier opinion, fall within a meaning I am willing to adopt. Cf. United States v. Downer, supra. The motion for reconsideration is granted, and the case may stand for hearing.