Edward Alfred **SMEDBERG**, Petitioner-Appellant,

v.

**UNITED STATES of America**, Respondent-Appellee.

No. 71–2555.

United States Court of Appeals, Fifth Circuit.

Aug. 24, 1971.

**402**

Edward A. Smedberg, pro se.

Anthony J. P. Farris, U. S. Atty., Houston, Tex., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

By § 2255 motion, Smedberg challenges the District Court's judgment of conviction entered after he pled guilty to violating 26 U.S.C.A. § 4744(a)(2). Smedberg asserts that Leary v. United States, 1968, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, should be retrospectively applied and that he has not effectively waived his fifth amendment privilege. The District Court denied his petition. The application for leave to appeal *in forma pauperis* is granted, and we affirm.

In a Memorandum and Order of Dismissal, the District Court stated:

It might be well to say in passing that after the Supreme Court's decisions in Marchetti v. U. S., 390 U.S. 39 [88 S.Ct. 697, 19 L.Ed.2d 889], Grosso v. U. S., 390 U.S. 62 [88 S.Ct. 709, 19 L.Ed.2d 906], and Haynes v. U. S., 390 U.S. 85 [88 S.Ct. 722, 19 L.Ed.2d 923], the Honorable Ben C. Connally, Chief Judge of this Court, and the undersigned Judge, decided that in view of the last three decisions mentioned, the Marihuana Tax Act might be subject to the same claim of privilege as it turned out that it was in the *Leary* decision, and we both started warning defendants charged with the Marihuana Tax Act of this possible availability of their claim of privilege against self-incrimination.

Being endowed so perspicaciously, the District Court informed Smedberg at his arraignment that he could possibly claim his right against self-incrimination and that the marihuana tax count, § 4744(a), might not be enforceable. Both Smedberg and his counsel acknowledged that they understood what the court had said. Smedberg nevertheless said that he wished to voluntarily waive his fifth amendment right and plead guilty.

The record plainly shows that Smedberg elected to proceed on the tax count (count three) as he did to avoid trial on two other counts of the indictment— charging him with smuggling (count one) and with receiving and concealing marihuana (count two), both in violation of 21 U.S.C.A. § 176a—for which the penalties are more severe. As usual, the Government dismissed these counts after Smedberg's plea to the tax count.

*Marchetti, Grosso,* and *Haynes* were decided on January 29, 1968. On June 10, 1968, the Supreme Court granted certiorari in *Leary* to consider, among other things:

I. Whether the registration and tax provisions in 26 U.S.C. Sections 4741(a), 4742 and 4744(a), as applied to Petitioner, violate his privilege against self incrimination protected by the Fifth Amendment to the United States Constitution and his rights thereunder as amplified by this Court in three recently decided cases: Marchetti v. United States, 390 U.S. 39 [88 S.Ct. 697, 19 L.Ed.2d 889] (1968); Grosso v. United States, 390 U.S. 62 [88 S.Ct. 709, 19 L.Ed.2d 906] (1968); and Haynes v. United States, 390 U.S. 85 [88 S.Ct. 722, 19 L.Ed.2d 923] (1968).

392 U.S. 903, 88 S.Ct. 2058, 20 L.Ed.2d 1362.

In *Leary, supra* at 27, 89 S.Ct. at 1543, the Supreme Court said:

There remains the further question whether the petitioner's claim of priv-

ilege was timely and whether it was waived. \* \* \* Petitioner's trial occurred before our decisions in *Marchetti, Grosso* and *Haynes* \* \* \*.

The record in this case convincingly shows that the District Court on September 16, 1968, drew to the attention of Smedberg and his counsel the present likelihood of a valid defense to the tax count, but that Smedberg chose to waive his privilege and be sentenced under that count rather than risk a conviction under the other counts. Smedberg's waiver was knowingly and understandably made. Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

Affirmed.[1]

---

1. The disposition we make of this case makes it unnecessary for us to consider the retrospective application of *Leary*, as we did in Harrington v. United States, 5 Cir. 1971, 440 F.2d 1190.

