must be done with extreme reluctance because of the undue emphasis given to the introduced evidence with consequent distortion of the evidence as a whole and the possibility that such prejudice will result to the other party as to require a mistrial." 281 F.2d at 818.

There was no abuse of discretion on the part of the Trial Court here. Accordingly, this contention is devoid of merit.

Affirmed.

City, Mo., on the brief, for petitioner-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]  *See* Smedberg v. United States, 5th Cir., 1971, 448 F.2d 401.

---

**Hiristo Elias NACI, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 71–2180**

**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.

Nov. 19, 1971.

**T. I. L. SPORTSWEAR CORPORATION, Petitioner-Cross Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent-Cross-Petitioner.**

**No. 71–1986.**

United States Court of Appeals,
Fifth Circuit.

Nov. 30, 1971.

Hiristo Elias Naci, pro se.

Julie Cooper, and Gary Eldredge, assisted by The Legal Assistance to Inmates Clinic, University of Missouri at Kansas City, School of Law, Kansas

Taylor B. Smith, Columbus, Miss., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel., N. L. R. B., Washington, D. C., John J. A. Reynolds, Region Director, 26th Region, N. L. R. B., Memphis, Tenn.,

---

[*] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al, 5th Cir. 1970, 431 F.2d 409, Part I.

[1] See NLRB v. Amalgamated Clothing Workers of America, 5th Cir. 1970, 430 F.2d 966.