Gerard **CACHOIAN**, Petitioner-Appellant,

v.

**UNITED STATES of America**, Respondent-Appellee.

No. 71–2310
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 10, 1971.

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Gerard Cachoian, pro se.

Robert W. Rust, U. S. Atty., Neal R. Sonnett, Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Gerard Cachoian appeals from the District Court's order denying his motion for relief from judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure. We vacate the order and remand for further proceedings.

On October 3, 1957, Cachoian was indicted by a Grand Jury in the Southern District of Florida and charged in five counts with violations of the Federal narcotics laws. He pled guilty to one count of that indictment charging him with a violation of the Marijuana Tax Act, 26 U.S.C. § 4744(a). The other counts were then dismissed. He was sentenced to three years' imprisonment, which sentence has been completely satisfied.

In 1969, Cachoian was convicted of a subsequent narcotics violation in the Southern District of New York. He was sentenced as a second offender on the basis of the 1957 conviction in the Southern District of Florida. He is now serving the enhanced 1969 sentence following an unsuccessful appeal to the Second Circuit. United States v. Cachoian, 2 Cir., 1966, 364 F.2d 291. In November of 1969, Cachoian filed a motion to vacate the 1957 sentence in the Southern District of Florida. He claimed that the conviction was illegal and void on its face under Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). The District Court denied the motion because this Court had held that Leary was to be given prospective application only. See United States v. Scardino, 5 Cir., 1969, 414 F.2d 925. In May 1971, Cachoian filed his Rule 60(b) motion to be relieved from the judgment denying his Section 2255 motion which the District Court denied without assigning written reasons.

This Court has now held that Leary should be applied retroactively. Harrington v. United States, 5 Cir., 1971, 444 F.2d 1190. However, in Smedberg v. United States, 5 Cir., 1971, 448 F.2d 401, we found it unnecessary to consider the retrospective application of Leary because under the facts and circumstances presented we held "that Smedberg chose to waive his privilege and be sentenced under that count rather than

risk a conviction under the other counts. Smedberg's waiver was knowingly and understandingly made." 448 F.2d at 403.

■ The Government has now confessed error in its brief filed with us and has stated it has no objection to the entry of an order vacating the conviction in the court below. Courts are not bound to treat a confession of error by the United States as an appellate nolle prosequi. In Young v. United States, 315 U.S. 257, 62 S.Ct. 510, 86 L.Ed. 832 (1942), the Supreme Court settled the proposition as follows:

"The public trust reposed in the law enforcement officers of the Government requires that they be quick to confess error when, in their opinion, a miscarriage of justice may result from their remaining silent. But such a confession does not relieve this Court of the performance of the judicial function. The considered judgment of the law enforcement officers that reversible error has been committed is entitled to great weight, but our judicial obligations compel us to examine independently the errors confessed. See Parlton v. United States, 64 App.D.C. 169, 75 F.2d 772. The public interest that a result be reached which promotes a well-ordered society is foremost in every criminal proceeding. That interest is entrusted to our consideration and protection as well as that of the enforcing officers. Furthermore, our judgments are precedents, and the proper administration of the criminal law cannot be left merely to the stipulation of parties." 315 U.S. at 258–259, 62 S.Ct. at 511.

As a matter of practice, the Court makes its own independent examination of the record, retaining in full its power of independent decision as to the issues presented for decision. Sibron v. New York, 392 U.S. 40, 58, 88 S.Ct. 1889, 1900, 20 L.Ed.2d 917 (1968); Young v. United States, supra; Gibson v. United States, 329 U.S. 338, 344 n. 9, 67 S.Ct. 301, 304 n. 9, 91 L.Ed. 331 (1946). Occasionally, appellate courts of the United States have declined to accept a confession of error by the prosecution and have affirmed judgments of conviction. See, e. g., Weber v. United States, 9 Cir., 1941, 119 F.2d 932, aff'd by equally divided court, 315 U.S. 787, 62 S.Ct. 911, 86 L.Ed. 1192 (1942); Parlton v. United States, 1935, 64 App.D.C. 169, 75 F.2d 772.

■ Under the circumstances, we hold that this is a matter which can best be determined by the District Court in the first instance. We cannot vacate the conviction on the basis of the record before us. Accordingly, the District Court's order denying Cachoian's Rule 60(b) motion is vacated and the case is remanded for further consideration in light of changed circumstances. The Trial Judge should take such additional evidence and make such findings of fact and conclusions of law as may be necessary with due regard to our recent holdings in *Harrington* and *Smedberg*. The District Court should determine whether Cachoian knew at the time he pled guilty that he had a valid Fifth Amendment defense to the tax count, and whether he knowingly and understandingly waived that defense rather than risk a conviction under the other counts which were then dismissed.

Vacated and remanded.