Jack William **MARTIN**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 71 Civ. 4696.

United States District Court,
S. D. New York.

March 20, 1972.

Breed, Abbott & Morgan, New York City, Robert J. Bagdasarian, James D. Zirin, New York City, of counsel; Neal, Karzon & Harwell, Nashville, Tenn., James F. Neal, Gary D. Lander, Nashville, Tenn., of counsel, for petitioner.

Whitney North Seymour, Jr., U. S. Atty., for Southern District of New York, New York City, for respondent; Jay S. Horowitz, Asst. U. S. Atty., of counsel.

OPINION

EDWARD WEINFELD, District Judge.

This is a motion pursuant to 28 U.S.C. section 2255, to vacate and set aside petitioner's conviction on January 12, 1966, upon his plea of guilty to a charge of violation of 26 U.S.C. section 4744(a). Petitioner originally was indicted for violation of 21 U.S.C. section 176a, which, upon conviction, would have mandated a minimum sentence of five years. He subsequently pled guilty to a superseding information under the marijuana tax statute, section 4744(a), which permitted a sentence of from two to ten years, with discretion in the court to suspend execution thereof. Following petitioner's guilty plea, sentence was suspended and he was placed on probation for two years. Upon his violation of probation, a two-year sentence was imposed; after serving a part of that sentence, he was released on parole but violated its terms, as a result of which a parole violator's warrant was issued for his arrest. He left the United States in August 1968 and remained a fugitive until he returned and voluntarily surrendered himself in September 1971 to federal authorities in Nashville, Tennessee. He there pled guilty on October 26, 1971, pursuant to Rule 20(a) of the Federal Rules of Criminal Procedure, to an indictment returned in this district on a charge of having made a false statement in a passport application. Petitioner served a three-month sentence in jail on the latter charge.

■ This motion was made on October 28, 1971, when petitioner was aware that a detainer under the parole warrant was outstanding and would be executed upon the termination of his three-month sentence. He is presently detained pursuant to the warrant. The government concedes, as it must, that under United States v. Liguori,[1] the holding in Leary v. United States,[2] decided May 19, 1969, that a timely assertion of the privilege against self-incrimination is a complete defense to a prosecution under section 4744(a), is to be applied retroactively and that petitioner's guilty plea on January 12, 1966 to a violation of that section did not by itself constitute a waiver of the privilege. However, the government urges that this motion should be denied as untimely, having been made "almost twenty-nine months after the Leary decision." It does not urge that the passage of time by itself is "an appropriate basis for denying petitioner the relief he requests," no doubt in view of the belief expressed by our Court of Appeals that the requirement of timeliness "was primarily designed to insure that in future cases the accused will assert his defense of privilege before time and resources are wasted in a trial,"[3] a consideration not applicable where a defendant, prior to Leary, was unaware of the availability of the complete defense afforded by the Fifth Amendment.[4]

The basis, then, for the government's opposition is that it was prejudiced by the twenty-nine month delay in bringing this motion after Leary had been decided.

An argument apparently advanced initially, but subsequently disavowed by the government was that the petitioner's guilty plea was the result of a plea bargain in which the government agreed to dismiss the section 176a indictment in return for the guilty plea to the lesser charge. Having reaped the benefit of the bargain, it is contended, petitioner should be held to it and required to serve the balance of his sentence—in effect, that he waived the privilege.[5] It can no longer be said, however, that a pre-Leary plea of guilty to a section 4744(a) charge, pursuant to a plea bargain in which the government agreed to dismiss a more serious charge, constituted a waiver of a defendant's Fifth Amendment defense to the section 4744(a) charge, in view of the action of the Supreme Court in Weber v. United States,[6] vacating the holding of the Ninth Circuit[7] that a guilty plea in such circumstances constituted a waiver of the defense.

The claim of prejudice, although not quite clearly articulated, seems to be that "had petitioner filed the instant motion any time prior to July 1970, the

1. 430 F.2d 842 (2d Cir. 1970), cert. denied, 402 U.S. 948, 91 S.Ct. 1614, 29 L.Ed. 2d 118 (1971).

2. 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57.

3. United States v. Liguori, 430 F.2d 842, 848 (2d Cir. 1970), cert. denied, 402 U.S. 948, 91 S.Ct. 1614, 29 L.Ed.2d 118 (1971).

4. While the court in Liguori noted that the petitioner there filed his motion within four months of the Leary decision, the significance, if any, of that fact was not explicated.

5. While the Assistant United States Attorney then in charge of the case is apparently unable to shed any light on the factual circumstances in regard to the alleged plea bargain, it is acknowledged that it was the practice of the United States Attorney's office in this district in such

cases to represent to a defendant that upon waiver of indictment and plea of guilty to a superseding information, an indictment charging a more serious offense would be dismissed. It also appears, however, that the superseding information was agreed upon in this case in consideration of matters other than the prosecution giving up its right to proceed under the indictment charging the § 176a violation.

6. 402 U.S. 939, 91 S.Ct. 1633, 29 L.Ed.2d 107 (1971).

7. 429 F.2d 148 (1970). See, however, Smedberg v. United States, 448 F.2d 401 (5th Cir. 1971), where a pre-Leary guilty plea was held a knowing waiver of the defense in view of the fact that the trial judge advised the defendant of its possible availability in light of Supreme Court decisions that foreshadowed Leary.

Government quite possibly could have resurrected [the section 176a charge.]" The government has not, however, succeeded in establishing such prejudice.

The *Leary* decision invalidated the statutory presumption of knowledge of unlawful importation based upon proof of possession of marijuana, which knowledge is an essential element of a section 176a violation. The government suggests, however, that at the time of the return of the indictment, it had proof that would have permitted a jury to draw the inference that petitioner knew of the unlawful importation of marijuana. There is, however, no need to pass upon the validity of this claim. The fact that petitioner was "fleeing from justice"[8] during the period he remained outside the country tolled the statute of limitations for such period, and the government is still in a position to prosecute if it is so minded and believes it can sustain a conviction. So, too, there is no bar, if the government decides to charge a conspiracy to violate 26 U.S.C., section 4742(a).[9]

The motion to vacate the judgment of January 12, 1966 is granted.

---

8.  18 U.S.C. § 3290.

9.  *See* Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969).