David Glen JORDAN,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 75–3281
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 22, 1976.

David Glen Jordan, pro se.

John Clark, U.S. Atty., James W. Kerr, Jr., Asst. U.S. Atty., San Antonio, Tex., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Appellant Jordan petitioned the United States District Court for the Western District of Texas to set aside, vacate, and expunge a 1960 conviction in that district. He sought relief either by a petition for habeas corpus pursuant to 28 U.S.C. § 2255 or by a petition for writ of error coram nobis. The district court denied relief. We affirm.

Jordan is presently serving a fifteen year sentence imposed in 1964 by the United States District Court for the Western District of Oklahoma. In the petition now before us he attacks a sentence imposed in 1960 in the Western District of Texas, upon a plea of guilty to a one count indictment charging him with failure to pay the tax due on illegally possessed marijuana in violation of 26 U.S.C. § 4744(a)(1).[1] Jordan's claim that his 1960 conviction is invalid is based upon *Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), in which the Supreme Court held 26 U.S.C. § 4744(a)(1) unconstitutional.

---

* Rule 18, 5th Cir. See *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5th Cir. 1970, 431 F.2d 409, Part I.

1. In exchange for his guilty plea, the government dismissed two counts charging violations of 21 U.S.C. § 176a (repealed 1970).

Although Jordan's sentence for that conviction has expired, he contends that the allegedly unlawful 1960 conviction was used to increase the sentence imposed by the district judge in Oklahoma in 1964. We decline to comment on the validity of appellant's 1960 conviction. While we have held that *Leary* is to be retroactively applied, *Harrington v. United States,* 444 F.2d 1190 (5th Cir. 1971), not all convictions for violation of 26 U.S.C. § 4744(a)(1) are necessarily invalid. *See Smedberg v. United States,* 448 F.2d 401 (5th Cir. 1971).

Our affirmance of the denial of the petition by the Western District of Texas is without prejudice to the right of the appellant to file a § 2255 motion in the United States District Court for the Western District of Oklahoma attacking his present sentence on the ground that a prior invalid conviction was considered by the sentencing judge. As we stated in *Correa-Negron v. United States,* 473 F.2d 684, 685 (1973):

> [T]he Supreme Court in *United States v. Tucker,* 1972, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 made clear that the *sentence* [emphasis in original] which a prisoner is *presently serving* [emphasis added] may be challenged via a § 2255 petition on the grounds that a prior invalid conviction was used for enhancement purposes.

> The sentencing court will have the benefit of appellant's complete prior record. That court is in the best position to determine to what extent, if any, the 1960 conviction influenced appellant's sentence in 1964. Should the sentencing court determine that the punishment meted out would not have varied even if there had been no 1960 conviction, further inquiry into the validity of that conviction will not be necessary. Should, however, the sentencing court decide that appellant would have received a shorter term of confinement if there had been no 1960 conviction, it may proceed to ascertain the validity of the 1960 conviction, even though appellant's sentence

therefor has expired. *Murray v. Wainwright,* 450 F.2d 465 (5th Cir. 1971).

Affirmed.