# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2020

Lyle W. Cayce
Clerk

No. 18-20193

United States of America,

*Plaintiff—Appellee*,

*versus*

George Yarbrough,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-411-1

Before Clement, Ho, and Duncan, *Circuit Judges*.

Per Curiam:*

In the spring of 2018, the district court sentenced George Yarbrough to a statutory maximum ten-year sentence for threatening to kill a federal judge. The sole issue of Yarbrough's appeal is a special condition of his supervised release requiring him to take all prescribed mental health medications. The United States concedes that the condition is improper

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

because the district court did not orally pronounce it at sentencing.[1] We agree. We vacate the sentence in part and remand to the district court to amend its written judgment.

In the time since the district court sentenced Yarbrough, we have clarified the governing law. When a district court imposes discretionary conditions of supervised release—those not required by 18 U.S.C. § 3583(d)—it must orally pronounce them at sentencing. *United States v. Diggles*, 957 F.3d 551, 558–59 (5th Cir. 2020) (en banc), *cert. denied*, --- S. Ct. ---, 2020 WL 6551832 (mem.) (Nov. 9, 2020). The court does not necessarily have to pronounce them verbatim; it is enough to adopt a document where they are listed, such as the Presentence Investigation Report (PSR) or a standing order. *Id.* at 561–62; *United States v. Grogan*, 977 F.3d 348, 350 (5th Cir. 2020) (Clement, J.).

But one thing a court cannot do is impose altogether new conditions in the written judgment. "[W]hen there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls." *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (per curiam) (citation omitted). Then, "any burdensome . . . restrictions added in the written judgment must be removed." *United States v. Bigelow*, 462 F.3d 378, 383 (5th Cir. 2006) (quoting *United States v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004)).

The written judgment here includes a discretionary condition requiring Yarbrough to pay for and take all prescribed mental health medications. *See* 18 U.S.C. § 3583(d). Yet the parties agree that the district

---

[1] Although the Government's concession is "entitled to great weight, . . . our judicial obligations compel us to examine independently the errors confessed." *Cachoian v. United States*, 452 F.2d 548, 550 (5th Cir. 1971) (quoting *Young v. United States*, 315 U.S. 257, 258–59 (1942)).

court never pronounced that requirement at sentencing. It was not in any documents available to Yarbrough before the hearing either, so we review for abuse of discretion as opposed to plain error. *United States v. Rivas-Estrada*, 906 F.3d 346, 348–49 (5th Cir. 2018). Under that standard, the district court erred by imposing a new, burdensome restriction in the written judgment. *See id.*; *Martinez*, 250 F.3d at 942.

The appropriate remedy is to remove the conflicting condition from the written judgment. *Bigelow*, 462 F.3d at 383. We therefore vacate the sentence in part and remand for the district court to amend its written judgment accordingly.