IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
December 30, 2020
ST-2019-CR-00217
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **PEOPLE OF THE VIRGIN ISLANDS,** | ) | **CASE NO. ST-2019-CR-00216** |
| | ) | |
| Plaintiff, | ) | 14 V.I.C. §§ 921, 922(a)(1), 11(a) |
| vs. | ) | 14 V.I.C. §§ 2251(a)(2)(B), 11(a) (4 counts) |
| | ) | 14 V.I.C. §§ 295(1), 11(a) |
| **JACQUES CAJUSTE,** | ) | 14 V.I.C. §§ 297(a)(2), 11(a) |
| | ) | 14 V.I.C. §§ 921, 922(b), 11(a) |
| Defendant. | ) | |

| | | |
|---|---|---|
| **PEOPLE OF THE VIRGIN ISLANDS,** | ) | **CASE NO. ST-2019-CR-00217** |
| | ) | |
| Plaintiff, | ) | 14 V.I.C. §§ 921, 922(a)(1), 11(a) |
| vs. | ) | 14 V.I.C. §§ 2251(a)(2)(B), 11(a) (4 Counts) |
| | ) | 14 V.I.C. §§ 295(1), 11(a) |
| **VIVIANE STUART a/k/a VIVIANE AIS,** | ) | 14 V.I.C. §§ 297(a)(2), 11(a) |
| | ) | 14 V.I.C. §§ 921, 922(b), 11(a) |
| | ) | 14 V.I.C. §§ 551(1) (2 counts) |
| Defendant. | ) | |

Cite as: 2020 VI Super 107U

### <u>MEMORANDUM OPINION AND ORDER</u>

¶1     Pending before the Court are:

1. Defendant Jacques Cajuste's Motion to Dismiss the Information[1] ("Motion to Dismiss") which was filed on December 30, 2019;

2. Response to Defendant Cajuste's Motion to Dismiss Counts One Through Six and Eight of the Information and Motion to Dismiss Counts One and Seven of the Information, which was filed on February 14, 2020; and

3. Defendant Jacques Cajuste's Reply to the People's Response to his Motion to Dismiss Counts Two through 6 and 8 of the Information, which was filed on April 15, 2020.

---

[1] The title to Cajuste's Motion is a misnomer. While the title implies that the entire Information should be dismissed as to Cajuste, the Motion focuses on dismissal of the "non-murder felony charges" arguing, *inter alia*, that they were filed after expiration of the applicable statute of limitations. In addition, the first paragraph of the Motion to Dismiss states: "Counts One through Six and Eight of the Information against Mr. Cajuste all suffer from various fatal deficiencies." Counts One and Seven are the subject of Defendant Jacques Cajuste's Motion to Dismiss Counts One and Seven of the Information, which was filed on January 10, 2020.

*People of the Virgin Islands v. Jacques Cajuste*
Case No. ST-2019-CR-00216
*People of the Virgin Islands v. Viviane Stuart a/k/a Viviane Ais*
Case No. ST-2019-CR-00217
Memorandum Opinion and Order
Page 2 of 7

2020 VI Super 107U

## I.    BACKGROUND

¶2      This case stems from the murder of Egbert Stuart ("Egbert"), which occurred sometime during the night of June 21 and the early morning hours of June 22, 2005. At the time of his death, Stuart was married to co-Defendant Viviane Stuart ("Stuart").

¶3      On April 2, 2019, Detective Sergeant Mario Stout, supervisor of the Major Crimes Unit of the Virgin Islands Police Department ("VIPD"), was assigned as a case agent in the investigation of Egbert's murder. Sergeant Stout stated that on March 4, 2015, the homicide of Egbert was assigned to the Cold Case Squad for follow-up investigation. The investigation revealed that on June 30, 2005, co-Defendant Jacques Cajuste ("Cajuste") was interviewed and stated that he and Stuart were co-workers involved in a sexual relationship. Sometime at the end of July or during August 2005, Cajuste moved to Pottstown, Pennsylvania. In June and August of 2006, witnesses were interviewed about the murder of Egbert. Almost ten years later, DNA analysis concluded that Cajuste was a "major contributor of DNA found in the hallway and west bedroom of the home in which [Egbert] was killed."[2]

¶4      Both Cajuste and Stuart were charged with participating in the death of Egbert, who died from multiple stab wounds. On September 25, 2019, the People filed an Information charging Cajuste with: (1) First Degree Murder in violation of 14 V.I.C. §§ 921, 922(a)(1); 14 V.I.C. § 11(a); (2) Using a Dangerous Weapon During the Commission of a First Degree Murder in violation of 14 V.I.C. 2251(a)(2)(B) and 14 V.I.C. § 11(a); (3) First Degree Assault in violation of 14 V.I.C. § 295(1) and 14 V.I.C. § 11(a); (4) Using a Dangerous Weapon During the Commission of a First Degree Assault in violation of 14 V.I.C. 2251(a)(2)64(B) and 14 V.I.C. § 11(a); (5) Third Degree Assault in violation of 14 V.I.C. § 297(a)(2) and 14 V.I.C. § 11(a); (6) Using a Dangerous Weapon During the Commission of a Third Degree Assault in violation of 14 V.I.C. 2251(a)(2)(B) and 14 V.I.C. § 11(a); (7) Second Degree Murder in violation of 14 V.I.C. §§ 921, 922(a)(1) and § 11(a); and (8) Using a Dangerous Weapon During the Commission of a Second Degree Murder – Aiding and Abetting in violation of 14 V.I.C. 2251(a)(2)(B) and 14 V.I.C. § 11(a).

¶5      On December 30, 2019, Cajuste filed the instant Motion to dismiss Counts Two through Six and Eight of the Information pursuant to Virgin Islands Rules of Criminal Procedure 12(b)(3).

## II.    LEGAL STANDARD

¶6      V.I. R. CRIM. P. 12(b)(3) provides, in pertinent part, that the following must be raised before trial:

>      (A) a motion alleging a defect in instituting the prosecution, including:

---

[2] Stout Aff. ¶ 64.

*People of the Virgin Islands v. Jacques Cajuste*
Case No. ST-2019-CR-00216
*People of the Virgin Islands v. Viviane Stuart a/k/a Viviane Ais*
Case No. ST-2019-CR-00217
Memorandum Opinion and Order
Page 3 of 7

(ii) pre-information delay

. . .

(B) a motion alleging a defect in the information, such as:
(i) joining two or more offenses in the same count (duplicity);
(ii) charging the same offense in more than one count (multiplicity).

## III. ANALYSIS

¶7 On November 6, 2019, the People filed their Motion to Amend Information, arguing that they intended to charge both Defendants with conspiracy but mistakenly included two charges of conspiracy for Stuart. The People further argue that in accordance with V.I. R. CRIM. P. 3(d), the amendment here does not include an additional or different charge. On February 14, 2020, the People filed their Second Motion to Amend Information. The People seek to designate the correct count in the wording of the charge for using a dangerous weapon during a crime of violence in counts 2, 4, 6, 8, 10, 12, 14, and 16 of the Information. Because neither of the People's Motions to Amend the Information do alters the Court's analysis, the merits of Cajuste's Motion to Dismiss will be addressed.

### A. The Court finds that certain charges were untimely filed.

¶8 Cajuste moves to dismiss Counts Two through Six and Eight of the Information pursuant to V.I. R. Crim. P. 12(b)(3)(A)(ii). Cajuste specifically argues that the three-year statute of limitations for these "non-murder felony charges" elapsed under V.I. CODE ANN. tit 5, § 3541(a)(2).[3] While it is undisputed that Counts Two Through Six and Eight are outside of the limitations period as provided in § 3541(a)(2), the People rely on the exceptions in § 3541(b) and (c) to argue that the statute of limitations is inapplicable.[4]

¶9 5 V.I.C. § 3541 provides:

(a) A criminal action shall be commenced within the following periods:
(1) For murder, felony child abuse, felony child neglect, any felony sexual offense perpetrated against a victim, embezzlement of public moneys, and the falsification of public records, there is no limitation of the time within which a prosecution shall be commenced.
(2) For any felony other than specified above, action shall be commenced with three years after its commission.
(3) For any misdemeanor, action shall be commenced within one year after its commission.
(b) If the defendant is out of the Virgin Islands when the offense is committed, the information may be filed within the term herein limited after his coming

---

[3] Def. Jacques Cajuste's Mot. to Dismiss the Info. 2.
[4] Resp. to Def. Cajste's Mot. to Dismiss Counts One Through Six and Eight of the Info. And Mot. to Dismiss counts One and Seven of the Info. 3.

*People of the Virgin Islands v. Jacques Cajuste*
Case No. ST-2019-CR-00216
*People of the Virgin Islands v. Viviane Stuart a/k/a Viviane Ais*
Case No. ST-2019-CR-00217
**Memorandum Opinion and Order**
**Page 4 of 7**

2020 VI Super 107U

within the Virgin Islands, and no time during which the defendant is not an inhabitant of, or usually resident within, the Virgin Islands is a part of the limitation.

(c) Nothing in this section extends to persons fleeing from justice.[5]

¶10 Cajuste argues that subsection (b) is not applicable because "[t]he People allege the crimes alleged against Mr. Cajuste took place in the Virgin Islands while he was in the Territory."[6] In other words, Cajuste argues that the alleged crime was committed while he was in the Virgin Islands.[7] The People refute this argument stating that "if [Cajuste] is alleged to have committed the crime in the Virgin Islands, [then] it is impossible for [Cajuste] to be out of the Virgin Islands when the crime is committed."[8] The People further aver that "such an interpretation of this clause would lead to absurd results."[9]

¶11 The People further aver that "it is rare for anyone to commit a crime and not be in the place at the same time the crime is committed."[10] In his Reply, Cajuste rebuts this argument by stating that "a person may be an aider and abettor to an armed robbery if he or she is outside the territory and shipped the firearm or other weapon to the actual perpetrator in the Virgin Islands prior to the actual crime."

¶12 The parties rely on the ruling in *People v. Cummings*.[11] Cajuste argues that *Cummings* is not applicable to this matter because the Court only relied on the second half of subsection § 3541(b), i.e. "and no time during which the defendant is not an inhabitant of, or usually resident within, the Virgin Islands is part of the limitation" without relying on the entire subsection.[12] The People also argue that it would be absurd for the Court to interpret the statute in this manner.[13] The People also argue, without any legal support, that *Cummings* interpreted the statute of limitations to mean "after the crime is committed."[14]

¶13 *Cummings* interpreted the portion of the statute that reads, "and no time during which the defendant is not an inhabitant of, or usually resident within, the Virgin Islands is part of the limitation" to mean that the "the statute of limitations tolls if and for as long as defendant moves out of the territory."[15] *Cummings* narrowly reads the latter half of subsection (b) to be separate

---

[5] 5 V.I.C. § 3541.

[6] Def. Jacques Cajuste's Mot. to Dismiss the Info. 2.

[7] *Id.*

[8] Resp. to Def. Cajuste's Mot. to Dismiss Counts One Through Six and Eight of the Info. And Mot. to Dismiss counts One and Seven of the Info. 4.

[9] *Id.*

[10] *Id.*

[11] Super. Ct. Civ. No. ST-15-CR-210, 2016 WL 2859362, at *2 (V.I. Super. Ct. May 9, 2016).

[12] Def. Jacques Cajuste's Mot. to Dismiss the Info. 3.

[13] we must give effect to all the words and provisions of a statute by considering the plain language in light of any statutory definitions

[14] *Id.* 4-5.

[15] *Cummings,* 2016 WL 2859362, at *2.

*People of the Virgin Islands v. Jacques Cajuste*                                    2020 VI Super 107U
Case No. ST-2019-CR-00216
*People of the Virgin Islands v. Viviane Stuart a/k/a Viviane Ais*
Case No. ST-2019-CR-00217
Memorandum Opinion and Order
Page 5 of 7

from the first part of the subsection, stating that it "constitutes a complete, complementary thought, as well as a complete sentence."[16]

¶14    "'The starting point in interpreting a statute is its language, for if the intent of [the Legislature] is clear, that is the end of the matter.'"[17] "'[I]n construing a statute, if the intent of the Legislature is clear, that is the end of the matter.'"[18]

¶15    This Court finds that the interpretation used in *Cummings* is not applicable to this matter. In the instant case, it is clear subsection (b) is interpreted to mean that: if the Defendant is out of the Virgin Islands when the offense is committed then (a) the Information may be filed within three (3) years after his coming to the Virgin Islands *and* (b) the time which the Defendant was not a resident of the Virgin Islands should not be considered in the 3 years.[19]

¶16    Nothing has been presented by either party to indicate that Cajuste was not on St. Thomas at the time of Egbert's homicide.  Thus, subsection (b) is not an applicable exception here.

### B. Cajuste was not fleeing from justice.

¶17    Next, the People argue that the statute of limitation is also tolled under subsection (c): fleeing from justice.[20]  Cajuste argues that he did not flee from justice but, rather, he has always lived between New York, Pennsylvania, and the Virgin Islands.[21]  Cajuste further avers that "there is no evidence that he lived in hiding, altered his name or appearance, or that prior to the issuance of his arrest warrant in August of 2016, that there was any reason for him to believe he was wanted for purposes of arrest and prosecution in the Virgin Islands for this case or any other case."[22]  The People argue that it is evident that Cajuste was fleeing from justice because he left the Virgin

---

[16] "Section 3541(b), which is based on the 1921 codes, was not drafted artfully. As a matter of pure syntax, it is possible to construe the Section such that the out-of-territory tolling is modified by the conditional phrase: "If the defendant is out of the Virgin Islands when the offense is committed...." However, the Court does not adopt this construction because the hard comma and the "and" before "no time" suggest that the conditional phrase only modifies the clause that immediately follows it (i.e. "the information may be filed within the term herein limited after his coming within the Virgin Islands") and not the rest of the subsection, which constitutes a complete, complementary thought, as well as a complete sentence. [*Government of the Virgin Islands v. Moncayo,* Civ. No. 1993-0099, 1994 WL 594702, at *5 (D.V.I. Aug. 25, 1993)] accords with this construction. Moreover, a holding to the effect that the statute of limitations tolls when a defendant leaves the territory only if the defendant also began the statutory period outside the territory is too strange a policy preference for the Court to impute to the Legislature from this text alone." *Cummings,* 2016 WL 2859362, at *2 n.8.

[17] *Miller v. Virgin Islands,* 54 V.I. 398, 403 (V.I. 2010) (quoting *Scheidemann v. I.N.S.,* 83 F.3d 1517, 1519 (3d Cir.1996)).

[18] *Id.* (quoting *In re Infant Sherman,* 49 V.I. 452, 456 (V.I .2008)).

[19] *Cornelius v. Bank of Nova Scotia,* 67 V.I. 806, 822 (V.I. 2017) ("we must give effect to all the words and provisions of a statute by considering the plain language in light of any statutory definitions[.]") (emphasis added).

[20] Resp. to Def. Cajste's Mot. to Dismiss Counts One Through Six and Eight of the Info. And Mot. to Dismiss counts One and Seven of the Info. 5.

[21] Def. Jacques Cajuste's Mot. to Dismiss the Info. 4-5.

[22] *Id.*

*People of the Virgin Islands v. Jacques Cajuste*
Case No. ST-2019-CR-00216
*People of the Virgin Islands v. Viviane Stuart a/k/a Viviane Ais*
Case No. ST-2019-CR-00217
Memorandum Opinion and Order
Page 6 of 7

2020 VI Super 107U

Islands only two months after the murder and never returned.[23] The People also argue that Cajuste "left his residence, job, lover, P.O. Box among other things and never returned."[24]

¶18    The only Virgin Islands case that discusses "fleeing from justice" as a toll to the statute of limitations is *Moncayo*.[25] The Court in *Moncayo* held that a defendant who fled the Virgin Islands the day after committing an assault was clearly fleeing from justice.[26] Thus, the statute of limitations was tolled pursuant to § 3541(c).[27]

¶19    Furthermore, 18 U.S.C. § 3290, which is the exception to the federal criminal statutes of limitations, provides: "No statute of limitations shall extend to any person fleeing from justice." Case law on the interpretation of "fleeing from justice" is liberally construed. Courts have found evidence sufficient to establish flight from justice within the confines of this view where, after committing the offense, the accused has left the country[28] or has been aware of an outstanding warrant against him or her, yet has continued to conceal himself.[29] Furthermore, "the government's failure to find the accused despite a diligent attempt to do so is an additional factor persuasive to some courts in establishing flight from justice.[30]

¶20    Conversely, "the 'fleeing from justice' exception does not apply where the accused innocently and openly moves to a new residence while remaining easily accessible to any careful law enforcement officer who has a warrant to serve.'[31]

¶21    Here, the Court finds that Cajuste was not fleeing from justice.[32] Cajuste states that he moved to Pennsylvania and remained there until his arrest in 2016.[33] The People fail to provide evidence that Cajuste was inaccessible to law enforcement.[34] Outside of the one interview in June of 2005, the People fail to provide evidence that they attempted to interview Cajuste again.[35]

---

[23] Resp. to Def. Cajste's Mot. to Dismiss Counts One Through Six and Eight of the Info. And Mot. to Dismiss counts One and Seven of the Info. 4-5.

[24] *Id. at 5.*

[25] 1994 WL 594702, at *1.

[26] *Id. at *5.*

[27] *Id.*

[28] *Greene v. U.S.*, 154 F. 401 (C.C.A. 5th Cir. 1907) (wherein the accused fled to Canada); *Martin v. U.S.*, 339 F. Supp. 1187 (S.D. N.Y. 1972) (wherein the accused fled to Belize). 21 Am. Jur. 2d Criminal Law § 260.

[29] 21 Am. Jur. 2d Criminal Law § 260.

[30] *Id.*; *U.S. v. Wazney*, 529 F.2d 1287, 33 A.L.R. Fed. 710 (9th Cir. 1976).

[31] *Id.*

[32] 5 V.I.C. § 3541(c).

[33] Def. Jacques Cajuste's Mot. to Dismiss the Info. 5.

[34] *U.S. v. Duff*, 931 F. Supp. 1306 (E.D. Va. 1996) ("fleeing from justice requires the government to prove by a preponderance of the evidence that the defendant knows charges against him were pending and actively concealed himself with intent to avoid arrest or prosecution, and the defendant's mere absence the prosecution jurisdiction is insufficient."); *Greene*, 154 F. 401; *Wazney*, 529 F.2d 1287.

[35] Stout Aff. ¶ 25-30.

*People of the Virgin Islands v. Jacques Cajuste*
Case No. ST-2019-CR-00216
*People of the Virgin Islands v. Viviane Stuart a/k/a Viviane Ais*
Case No. ST-2019-CR-00217
**Memorandum Opinion and Order**
Page 7 of 7

2020 VI Super 107U

Further, the People do not present any evidence that they attempted to locate or arrest Cajuste in the years prior to his arrest in 2016.[36]

¶22    The People failed to present the Court with sufficient evidence to prove that Cajuste was fleeing from justice pursuant to 5 V.I.C. § 3541(c).  Thus, the Court finds that subsection (c) is inapplicable.

## IV.    CONCLUSION

¶23    The Court finds that Counts Two through Six and Eight of the Information are barred by the statue of limitations.  The Court also finds that § 3541(b), when read in its entirety, cannot be applied in this matter and § 3541(c) is also inapplicable because Cajuste was not fleeing from justice.  Furthermore, the Court having found that this matter is barred by the statute of limitations, it need not address the parties' remaining arguments.  Accordingly, it is hereby

**ORDERED** that Defendant Jacques Cajuste's Motion to Dismiss the Information, which was filed on December 30, 2019, is **GRANTED to the extent that Counts 2 through 6 and 8 of the Information are DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

DATED: 12/30/2020

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

ATTEST:

**TAMARA CHARLES**
Clerk of the Court

BY:
*for* **LORI BOYNES**
Chief Deputy Clerk ___1 / 4 / 2021___

---

[36] *See generally* Stout Aff.; Resp. to Def. Cajste's Mot. to Dismiss Counts One Through Six and Eight of the Info. And Mot. to Dismiss counts One and Seven of the Info.