United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41590
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

DIANA PATRICIA GAMBOA

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-442-ALL
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit
Judges.

PER CURIAM:[*]

Diana Patricia Gamboa appeals the sentence imposed following
her guilty-plea conviction for possession with intent to
distribute more than file kilograms (5.45 kilograms) of cocaine.
She argues that the district court committed reversible plain
error in sentencing her pursuant to the mandatory United States
Sentencing Guidelines held unconstitutional in United States v.
Booker, 125 S. Ct. 738 (2005).  Gamboa argues that the error is
structural, presumptively prejudicial, and, therefore, she need

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not show plain error. This court has rejected this argument and applied the plain error standard of review to such unpreserved claims. See United States v. Malveaux, ___ F.3d ___, No. 03-41618, 2005 WL 1320362, *1 n.9 (5th Cir. Apr. 11, 2005); see also United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005) (applying plain error standard of review), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005). The district court's application of the Guidelines in their mandatory form constituted error that is plain. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005). However, Gamboa has not shown that the error affected her substantial rights as the record gives no indication that the district court judge would have sentenced her any differently had he known that the Guidelines were only advisory. See Mares, 402 F.3d at 522. Therefore, Gamboa has not shown that the district court's imposition of her sentence under the mandatory Guidelines constituted reversible plain error. See id.

For the first time on appeal, Gamboa argues that 21 U.S.C. § 841, the statute under which she was convicted, is unconstitutional in view of Apprendi v. New Jersey, 530 U.S. 466 (2000). Gamboa acknowledges that her argument is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), but states that she is raising it to preserve it for possible Supreme Court review. The issue is indeed foreclosed. See

Slaughter, 238 F.3d at 582; Valenzuela-Quevedo, 407 F.3d at 731 (same).

Gamboa argues, and the Government concedes, that the case should be remanded to allow the district court to correct a clerical error in the judgment to reflect the district court's recommendation that Gamboa be placed in a federal correctional institution in or near California. "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. The error is obvious, and the district court may correct such an error at any time under FED. R. CRIM. P. 36. Accordingly, the case is REMANDED for the limited purpose of conforming the judgment to the oral recommendation that Gamboa be placed in a federal correctional institution in or near California. Id.

AFFIRMED; LIMITED REMAND TO CORRECT JUDGMENT.