# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 26, 2022

Lyle W. Cayce
Clerk

No. 21-40161

United States of America,

*Plaintiff—Appellee*,

*versus*

Alma Hernandez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
No. 7:19-CR-02434

Before King, Jones, and Duncan, *Circuit Judges*.
Per Curiam:[*]

Alma Hernandez pled guilty of importing methamphetamine. On appeal, she contests six of the nine special discretionary conditions of supervision in her written judgment, arguing they conflict with her orally pronounced sentence. We affirm in part, vacate in part, and remand.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40161

I.

Hernandez was indicted on four counts related to her importing more than 500 grams of methamphetamine from Mexico. The appendix to her Presentence Report (PSR) recommended that, while under supervision, she should comply with the "mandatory conditions and all standard conditions of supervision that have been adopted by the Court as well as any additional special conditions." The appendix then set out standard and mandatory conditions of supervised release. It set out only one special condition requiring Hernandez "to participate in a mental health program" and pay the costs if financially able.

Hernandez entered into a plea agreement providing she plead guilty to count two, covering importation of the drugs. *See* 18 U.S.C. § 2; 21 U.S.C. §§ 952(a), 960(a)(1), (b)(1). In exchange, the government would (1) recommend a two-point decrease of her offense level for acceptance of responsibility and (2) move for dismissal of the remaining counts (*i.e.*, counts one, three, and four). At Hernandez's sentencing hearing, the court granted the government's motion to dismiss the remaining counts.

The court imposed a within-guidelines sentence of 108 months' imprisonment and three years' supervised release. The court did not orally adopt Hernandez's PSR but did confirm she had reviewed it with counsel. Turning to supervised release, the court ordered Hernandez "to comply with the standard conditions adopted by the Court," specifically pronouncing several conditions including, as relevant here, that Hernandez "participate in [a] mental health treatment program." The court then stated that "[a]ll of those conditions are . . . set out in the appendix to the [PSR]." Finally, upon defense counsel's request, the court ordered "that Ms. Hernandez, as part of her term of supervised release, participate in a drug and alcohol treatment program." Hernandez did not object.

No. 21-40161

In addition to the standard and mandatory conditions, Hernandez's written judgment contained nine special discretionary conditions. Only one of the nine (requiring participation in a mental-health treatment program) was set forth in the PSR appendix. As relevant here, six of the conditions require Hernandez to: take all prescribed mental health medications and pay if able ("condition two"); participate in an inpatient alcohol-abuse treatment program and pay if able ("condition four"); refrain from using or possessing controlled substances without a valid prescription ("condition six"); refrain from using or possessing alcohol ("condition eight"); and refrain from knowingly using or possessing psychoactive substances, such as bath salts or synthetic marijuana, except with the probation officer's prior approval ("condition nine"). Hernandez's written judgment also reflects the court's dismissal of counts one and three, but not four.

Hernandez timely appealed, arguing that the six special conditions just noted conflict with the oral pronouncement of her sentence.[1] She also seeks remand to correct the written judgment's failure to dismiss count four. The government filed a brief agreeing with Hernandez.[2]

## II.

To satisfy due process, a court must pronounce supervised release conditions that are discretionary under 18 U.S.C. § 3583(d). *See United States v. Diggles*, 957 F.3d 551, 559, 563 (5th Cir.) (en banc), *cert. denied*, 141 S. Ct. 825 (2020). A court does so by stating the condition at sentencing or by referencing a document recommending the condition, such as the PSR or a

---

[1] Hernandez does not challenge the special conditions that she participate in a mental health program ("condition one"), an outpatient substance-abuse program ("condition three"), and an outpatient alcohol-abuse program ("condition five").

[2] Although this concession "is entitled to great weight," we independently examine the record and reach our own decision. *Cachoian v. United States*, 452 F.2d 548, 550 (5th Cir. 1971) (internal quotation marks and citation omitted).

standing order. *Id.* at 560–63; *see also United States v. Martinez*, 15 F.4th 1179, 1180–81 (5th Cir. 2021). "Where there is an actual conflict between the district court's oral pronouncement of sentence and the written judgment, the oral pronouncement controls." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006) (citations omitted); *see also Diggles*, 957 F.3d at 563. In that event, "the appropriate remedy is remand to the district court to amend the written judgment to conform to the oral sentence." *Mireles*, 471 F.3d at 558 (citing *United States v. Wheeler*, 322 F.3d 823, 828 (5th Cir. 2003)).

Our standard of review turns on whether the defendant had an opportunity to object to the condition at sentencing. *Diggles*, 957 F.3d at 559–60. If she had that chance but failed to object, we review for plain error. *Id.* at 560. If she did not have that chance, we review for abuse of discretion. *Ibid.*; *see also, e.g.*, *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020).

III.

On appeal, Hernandez challenges six of the nine special discretionary conditions in her written judgment. We address each condition in turn.

A. *Condition two (mental-health medication)*

First, Hernandez challenges the condition that she take all prescribed mental health medications and pay for them if able. In a recent unpublished opinion, we explained that such a condition is a "new, burdensome restriction" that should be removed from the judgment if the district court failed to pronounce it. *United States v. Yarbrough*, 830 F. App'x 437, 438 (5th Cir. 2020) (per curiam). Here, the district court did not pronounce this specific condition. The court's pronouncement, as well as the PSR, referenced only the requirement that Hernandez participate in a "mental health treatment program," not that she take and pay for all prescribed medications. Consequently, Hernandez lacked the opportunity to object to this discretionary condition. The district court abused its discretion by imposing it. *See ibid.* (vacating condition that defendant take prescribed

medications because "the district court never pronounced that requirement at sentencing and it was not in any documents available to him") (cleaned up); *see also United States v. Brown*, 855 F. App'x 176, 179–80 (5th Cir. 2021) (per curiam).

### B. *Condition four (inpatient alcohol-abuse program)*

Hernandez next objects to the condition that she participate in (and pay for, if able) an inpatient alcohol-abuse treatment program. Whether Hernandez had the chance to object to this condition is somewhat complex. Her PSR recommended no special conditions relating to drug or alcohol treatment, but her attorney specifically "ask[ed] the Court to recommend that [Hernandez] participate in the drug treatment program, too." Accordingly, the district court stated: "The Court will also order that Ms. Hernandez, as part of her term of supervised release, participate in a drug and alcohol treatment program, and also recommends that should that be available to her in the Bureau of Prisons, that she participate there as well." Counsel did not object or request any clarification of the program's terms. As noted, the written judgment imposed not only an outpatient alcohol-abuse program (which Hernandez does not challenge) but also an inpatient program.

We conclude that our review of the inpatient condition should be for plain error. While the district court's oral pronouncement did not specify either an outpatient or inpatient program, Hernandez's own attorney requested she undergo a "drug treatment program" and then offered no objection to the court's imposing a "drug and alcohol treatment program." At that point, Hernandez could have asked for clarification of the program's terms but did not. *See, e.g.*, *Martinez*, 15 F.4th at 1181 (reviewing for plain error where counsel had opportunity "at a minimum, to ask for more specificity about the conditions"). This differs from situations where a district court orally pronounces *outpatient* treatment and the written

judgment imposes *inpatient* treatment.[3] Accordingly, we ask only whether Hernandez has shown that the inpatient condition is "an obvious error that impacted [her] substantial rights and seriously affected the fairness, integrity or reputation of judicial proceedings." *Diggles*, 957 F.3d at 559 (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

Hernandez fails to make this showing. While inpatient treatment involves "significant liberty interests," *United States v. Huerta*, 994 F.3d 711, 716 (5th Cir. 2021) (citation omitted), Hernandez cites no decision suggesting a district court commits error, much less plain error, by imposing it as a condition of supervision. That is particularly so here. Hernandez pled guilty to importing narcotics and did not object to being required to participate in mental-health treatment and in outpatient drug- and alcohol-abuse programs. Her own attorney asked that she receive drug treatment. And the PSR details Hernandez's history of drug and alcohol abuse that led to prior arrests for driving while intoxicated and possessing marijuana. Under these circumstances, we cannot find plain error in requiring Hernandez to participate in an inpatient alcohol-abuse treatment program.

## C. *Condition six (controlled substances)*

Hernandez next contests the condition in her written judgment that she not possess any controlled substances without a valid prescription. It is immaterial whether the district court orally pronounced this condition because pronouncement was not necessary. Mandatory conditions under 18 U.S.C. § 3583(d) need not be pronounced. *Diggles*, 957 F.3d at 559 ("If a condition is required, making an objection futile, the court need not

---

[3] *Cf., e.g.*, *United States v. Zavala*, 835 F. App'x 767, 768 (5th Cir. 2021) (per curiam) (reviewing for abuse of discretion where written judgment imposing "inpatient or outpatient" treatment "conflict[ed] with the orally pronounced condition of only 'outpatient' treatment"); *United States v. Garcia*, 855 F. App'x 980, 980 (5th Cir. 2021) (per curiam) (same).

pronounce it."). Here, the challenged condition overlaps with the mandatory condition in § 3583(d) "that the defendant not unlawfully possess a controlled substance." *See* Tex. Health & Safety Code § 481.117(a) (making it a crime to possess a controlled substance without a valid prescription). Accordingly, the district court did not err by including this condition in Hernandez's written judgment. *Cf., e.g.*, *United States v. Vasquez-Puente*, 922 F.3d 700, 705–06 (5th Cir. 2019) (no abuse of discretion where "no reentry" condition duplicated mandatory condition that defendant not reenter country illegally).

### D. *Condition seven (substance-abuse testing)*

Hernandez also challenges the condition that she submit to substance-abuse testing and pay the costs if able. Neither the district court nor the PSR mentioned substance-abuse testing. Hernandez was already obligated, however, to participate in some drug testing. *See* 18 U.S.C. § 3583; *United States v. Lozano*, 834 F. App'x 69, 75 (5th Cir. 2020) (per curiam). But "unlike the mandatory condition, the special condition in the judgment does not specify a date range for the first test, limit the number of tests required, and requires that [appellant] pay for testing if [she] is able." *United States v. Johnson*, 850 F. App'x 894, 896–97 (5th Cir. 2021) (per curiam). As a result, the condition in the judgment is discretionary and "oral notice . . . at the sentencing hearing cannot be dispensed with." *Id.* at 897. Thus, inclusion of the additional testing requirement in the written judgment was an abuse of discretion.

### E. *Conditions eight (alcohol possession) and nine (psychoactive substances)*

Finally, Hernandez challenges the conditions requiring her to abstain from possessing alcohol and psychoactive substances. Where "neither the [PSR] nor the district court's comments at sentencing mention abstaining from alcohol and intoxicants," we have held the inclusion of such conditions in the judgment is an abuse of discretion. *United States v. Rodriguez*, 852 F.

No. 21-40161

App'x 810, 812 (5th Cir. 2021) (per curiam); *see also United States v. De La Cruz*, 819 F. App'x 266, 267 (5th Cir. 2020) (per curiam); *United States v. Boshears*, 818 F. App'x 337, 338 (5th Cir. 2020) (per curiam). This is true even where "the record indicates that [the appellant] had a history of alcohol and drug abuse" if the PSR did not include abstention conditions. *See United States v. Martinez Viera*, 780 F. App'x 192, 192–193 (5th Cir. 2019) (per curiam).

\*     \*     \*

In sum, we remand to the district court to conform the written judgment accordingly. *See United States v. Chavez*, ____ F. App'x _____, 2022 WL 767033, at \*5 (5th Cir. Mar. 14, 2022) (per curiam) (explaining that "[t]he practice of this Circuit, both before and after *Diggles*, has been to remand pronouncement-error cases to the district court with instructions to amend the written judgment to reflect only the conditions orally pronounced at sentence and those conditions which need not be pronounced" (collecting cases)). Nothing prevents the district court, however, from modifying or enlarging the conditions of supervised release in accordance with § 3583 and the rules of criminal procedure. *Ibid.* (citing 18 U.S.C. § 3583(e); Fed. R. Crim. P. 32.1(c)).

IV.

Both parties also request a limited remand to correct a clerical error in the judgment. We "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. We have previously remanded for correction of clerical errors in the judgment raised for the first time on appeal. *See, e.g.*, *United States v. Perez-Melis*, 882 F.3d 161, 168 (5th

No. 21-40161

Cir. 2018); *United States v. Gamboa*, 136 F. App'x 713, 715 (5th Cir. 2005) (per curiam).

At sentencing, the government moved in compliance with the plea agreement for dismissal of counts one, three, and four. The district court granted the motion, but the written judgment reflects the dismissal of only counts one and three, not four. We therefore remand for the district court to correct that omission.

V.

Accordingly, the district court's judgment is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this opinion.